<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JUDY AIELLO *on behalf of Patricia J. Landers*, <br><br> Plaintiff, <br><br> v. <br><br> AHC FLORHAM PARK LLC d/b/a BROOKDALE FLORHAM PARK, BROOKDALE SENIOR LIVING INC, <br><br> Defendants. | Civil Action No. 20-7169 (SDW) (LDW) <br><br><br> **OPINION** <br><br><br> January 13, 2021 |

**WIGENTON,** District Judge.

Before this Court is Defendants AHC Florham Park LLC (d/b/a/ Brookdale Florham Park) and Brookdale Senior Living Inc.'s ("Defendants") Motion to Stay Plaintiff Judy Aiello's ("Plaintiff") Suit and Compel Arbitration of her claims on behalf of Patricia J. Landers ("Ms. Landers") pursuant to the Federal Arbitration Act, 9 U.S.C.A. § 1 *et seq*. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1441. This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78. For the reasons stated below, Defendants' Motion to Stay this Suit and Compel Arbitration is **DENIED**.

**I.  BACKGROUND AND PROCEDURAL HISTORY**

This action involves a dispute over Ms. Landers' care at Defendants' assisted living community located in Florham Park, New Jersey, between January 10, 2020, and April 16, 2020.

(D.E. 1 at 1.)[1]

On January 8, 2020, Defendants represent that Ms. Susan Coppola, acting with Power of Attorney for her mother Ms. Landers (*see* D.E. 3-1 at 106–110; *see also* D.E. 1-1 at 9), entered into a Residency Agreement with Defendants for Ms. Landers' care at their assisted living facility. (D.E. 3-1 at 43–56.)  Defendants argue that the Residency Agreement included a section entitled "Agreement to Arbitrate" (hereinafter, "Arbitration Agreement").  (*Id.* at 50–52.)  In relevant part, the Arbitration Agreement provided by Defendants begins with the following provision:

> Any and all claims or controversies arising out of, or in **any** way relating to, this Agreement or any of your stays at the Community, excluding any action for involuntary transfer or discharge or eviction, and including disputes regarding interpretation, scope, enforceability, unconscionability, waiver, preemption and/or violability of this Agreement, whether arising out of Local, State or Federal law, whether existing or arising in the future, whether for statutory, compensatory or punitive damages and whether sounding in breach of contract, tort or breach of statutory duties, or otherwise, irrespective of the basis for the duty or the legal theories upon which the claim is asserted, shall not be filed in a court of law.  **The parties to this Agreement further understand that a judge and/or jury will not decide their case.**

(*Id.* at 50.)

Plaintiff[2] initially filed suit in the Superior Court of New Jersey, Law Division, Morris County, alleging claims for gross negligence, negligence per se, deceptive trade practices (*see* N.J.S.A. § 56:8-2), violations of the New Jersey Nursing Home Responsibilities and Rights Resident Act (*see* N.J.S.A. § 30:13-1 *et seq.*), and various common law claims for negligence, fraud, and negligent infliction of emotional distress.  (D.E. 1-1 at 27–38.)  Defendants removed to

---

[1] All page references to Docket Entry Numbers 1, 1-1, and 3-1 refer to the CM/ECF pagination generated on the upper-righthand corner.

[2] Plaintiff is Ms. Landers' daughter and brings this action as attorney-in-fact/Power of Attorney for Ms. Landers. (D.E. 1-1 at 3.)

2

this Court on June 12, 2020. (D.E. 1.) Defendants then filed the instant motion to stay this action and compel arbitration. (D.E. 3.) Plaintiff opposed the motion and Defendants filed a reply. (D.E. 4, 5.)

## II.     LEGAL STANDARD

The Federal Arbitration Act ("FAA") was enacted to ensure the enforcement of private arbitration agreements. *See, e.g.*, *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 344–45 (2011) (noting that "our cases place it beyond dispute that the FAA was designed to promote arbitration"); 9 U.S.C.A. § 2 (2015) (providing that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract"). In determining issues of arbitrability, the Court must consider whether the challenge "relat[es] to the making and performance of the agreement to arbitrate." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967). "When a district court is presented with a motion to compel arbitration, it must answer the following two questions: (1) whether the parties entered into a valid arbitration agreement; and (2) whether the dispute at issue falls within the scope of the arbitration agreement." *Ellin v. Credit One Bank*, No. 15-2694, 2015 WL 7069660, at *2 (D.N.J. Nov. 13, 2015) (citing *Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 525 (3d Cir. 2009)). To conduct its inquiry, the court applies "ordinary state-law principles that govern the formation of contracts." *Kirleis v. Dickie, McCamey & Chilcote*, 560 F.3d 156, 160 (3d Cir. 2009); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

## III.    DISCUSSION

When a Court is asked to determine whether a valid arbitration agreement exists, it must first decide whether to use the Rule 12(b)(6) or Rule 56 standard of review. *See Sanford v.*

*Bracewell & Guiliani*, LLP, 618 F. App'x 114, 117 (3d Cir. 2015). The motion to dismiss standard under Rule 12(b)(6) is inappropriate in two instances. First, if the complaint and supporting documents show that a party's claim is subject to an enforceable arbitration provision, the Court will analyze the motion to compel under the "Rule 12(b)(6) standard without discovery's delay." *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013); *Singh v. Uber Techs. Inc.*, 939 F.3d 210, 218 (3d Cir. 2019) (stating that "[t]he centerpiece of [*Guidotti*'s] framework is whether the existence of a valid agreement to arbitrate is apparent from the face of the complaint or incorporated documents"). Second and alternatively, "if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then 'the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question.'" *Guidotti*, 716 F.3d at 776 (quoting *Somerset Consulting, LLC v. United Capital Lenders, LLC*, 832 F. Supp. 2d 474, 479 (E.D. Pa. 2011)). After the parties engage in limited discovery, "the court may entertain a renewed motion to compel arbitration," under the motion for summary judgment standard. *Id.*

Here, it appears that Plaintiff did not attach the Residency Agreement (and consequently the Arbitration Agreement contained therein) to the Complaint filed in state court. (*Compare* D.E. 1-1 (attaching the Residency Agreement to Defendants' notice of removal), *with* D.E. 4 at 2 (stating that "the Residency Agreement was not made a part of the pleadings").) In addition, the Complaint does not reference the Residency Agreement or the Arbitration Agreement (together, "Agreements"). (*See* D.E. 1-1 at 3–38.) Rather, the Agreements are cited for the first time in Defendants' moving brief and attachments. (*See* D.E. 3-1, 3-2.) In addition, Plaintiff's claims do not arise under the Agreements, but instead stem from Defendants' allegedly deceptive advertising and their purportedly negligent care of Ms. Landers under both state and common law. (*See* D.E.

4

1-1 at 3–38.)

Thus, "[u]nder *Guidotti*'s first pathway, . . . the affirmative defense of . . . arbitrability is [***not***] apparent on the face of [the] [c]omplaint, making application of Rule 12(b)(6) inappropriate in this case." *See Horton v. FedChoice Fed. Credit Union*, 688 F. App'x 153, 157 (3d Cir. 2017) (internal quotations omitted) (emphasis added). Since *Guidotti*, courts routinely deny motions to compel arbitration and permit limited discovery where the asserted claims do not arise under the agreement at issue and said agreement is neither referenced nor included in the pleadings. *See, e.g.*, *Hubbard v. Comcast Corp.*, No. 18-16090, 2019 WL 2866067, at *2, n.1 (D.N.J. July 3, 2019) (denying motion to compel, noting that plaintiff's discrimination claims were not based on the arbitration agreement or related documents) (collecting cases); *Nicasio v. Law Offices of Faloni & Assocs., LLC*, No. 16-0474, 2016 WL 7105928, at *2 (D.N.J. Dec. 5, 2016) (ordering limited discovery on the issue of arbitrability where plaintiffs' complaint failed to reference or attach the agreement as an exhibit, and did not base their claim on the existence of the agreement).

Accordingly, because the issue of arbitrability requires this Court to examine documents extraneous to the pleading that were attached to Defendants' motion to compel arbitration, limited discovery is appropriate.[3] *See, e.g.*, *Guidotti*, 716 F.3d at 776; *Horton*, 688 F. App'x at 157 (noting that "[w]ithout the benefit of a developed factual record, [the court] cannot assess whether the authenticity or import of the [documents proffered by defendant] are beyond reasonable dispute"). After the necessary discovery is complete, Defendants may submit arbitrability arguments in a motion for summary judgment pursuant to Rule 56 and the appropriate Local Civil Rules.

---

[3] Although Defendants insist, among other assertions, that arbitration provisions in agreements for care in nursing homes or assisted living facilities are enforceable generally (*see* D.E. 5 at 3), these arguments "put[] the cart before the horse." *See Hubbard*, 2019 WL 2866067, at *2. For example, Plaintiff raises factual issues as to whether the Defendants and the signatory on behalf of Ms. Landers had a meeting of the minds when entering the Agreements. (*See generally* D.E. 4 at 10–11 (arguing that the Agreements are contracts of adhesion)); *see also Horton*, 688 F. App'x at 157 (finding additional discovery on arbitrability appropriate and noting that questions remained "under state law as to whether the agreement would be unconscionable").

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Stay this Action and Compel Arbitration is **DENIED** without prejudice pending limited discovery on the issue of arbitrability. An appropriate order follows.

　/s/ Susan D. Wigenton　
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:　　Clerk
cc:　　　Leda D. Wettre, U.S.M.J.
　　　　Parties